UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRYL BULLARD., # 341908,

                Petitioner,                Case No. 15-cv-12370

v                                                        Honorable Thomas L. Ludington

PAUL KLEE,

                Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO HOLD PETITION IN ABEYANCE AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS FOR DISCOVERY AND EXPANSION OF THE RECORD**

      This is a habeas corpus case filed under 28 U.S.C. §2254 by Petitioner Darryl Bullard, a Michigan prisoner incarcerated at the Gus Harrison Correctional Facility. Petitioner was convicted in the Wayne Circuit Court of second-degree murder under MCL § 750.317, felon in possession of a firearm under MCL § 750.224f, and possession of a firearm during the commission of a felony under MCL § 750.227b. In his current petition, Petitioner Bullard raises a single claim: he was denied the effective assistance of trial counsel when his attorney failed to investigate the blood evidence found in a vehicle. ECF No. 1.

      Petitioner now moves the Court to stay his petition and hold the case in abeyance so that he can return to state court and exhaust his claims. ECF No. 7. Specifically, Petitioner wishes to raise allegations of ineffective assistance of counsel and a claim that his sentencing proceeding violated the Sixth Amendment. *Id.* Petitioner has also filed two motions for discovery, seeking DNA testing. ECF Nos 2, 3. For the reasons stated below, Petitioner's motion to hold his federal petition in abeyance will be denied, and his motions for discovery will be denied without prejudice.

**I.**

Petitioner alleges that both newly discovered evidence and a change in Michigan law have given rise to additional claims. First, Petitioner argues that newly discovered evidence supports additional claims of ineffective assistance of counsel. Second, Petitioner alleges that he has a new claim of unlawful sentencing under the Michigan Supreme Court's recent holding in *People v. Lockridge*, No. 149073, 2015 WL 4562293 (Mich. July 29, 2015) (holding that Michigan's sentencing guideline scheme violates the Sixth Amendment). Petitioner therefore requests that the Court hold his Federal Habeas Petition in abeyance while he exhausts these new claims in Michigan State Court.

**A.**

A state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). See *Picard v. Connor*, 404 U.S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. See *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, a federal court must review each of a petitioner's claims for exhaustion before it reviews the claims on the merits. *Id*.

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts, and then return to federal court on a perfected petition. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited

circumstances," such as when the one-year statute of limitations poses a concern, the petitioner demonstrates "good cause" for failing to exhaust his state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

**B.**

Petitioner has failed to show that his claims that are not "plainly meritless." *Rhines*, 544 U.S. at 277. With respect to Petitioner's sentencing claim, the Michigan Supreme Court only made its holding in *Lockridge* applicable to cases still "pending on direct review." *Id*. at 25-26. Further compounding the problem for Petitioner is the fact that this Court is not bound by the Michigan Supreme Court's interpretation of *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the case on which *Lockridge* holding is based. At least one other Judge in this District has found that *Alleyne* does not apply to the Michigan Sentencing Guidelines. *See Perez v. Rivard*, 2015 U.S. Dist. LEXIS 74211, 29-30 (E.D. Mich. June 9, 2015) (Judge Battani). In any event, the law in the Sixth Circuit is that *Alleyne* does not apply retroactively. *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014) ("*Alleyne* does not apply retroactively to cases on collateral review."). Therefore Petitioner has not demonstrated that his sentencing claim is not plainly meritless.

With respect to Petitioner's unexhausted ineffective assistance of counsel claims, although Petitioner has alluded to newly discovered evidence, he has not provided the Court with anything other than conclusory allegations in support of his claims. This is insufficient to meet his burden of showing that his claims are not "plainly meritless." Petitioner has therefore not demonstrated that he is entitled to a stay.

**III.**

Petitioner has also filed two motions seeking discovery in the form of DNA testing. ECF Nos. 2, 3. Habeas Rule 6(a) permits district courts to authorize discovery in habeas corpus proceedings "if and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so." 2254 Habeas Rule 6(a). However, "habeas petitioners have no right to automatic discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004), quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997).

In the present matter, Respondent's answer and the Rule 5 materials have not yet been filed, and the Court is not persuaded that discovery and DNA testing are necessary at this time. Petitioner's discovery motions will therefore be denied without prejudice. Petitioner is free to refile his motions after Respondent files an answer and the Rule 5 materials.

**IV.**

Accordingly, it is **ORDERED** that Petitioner's motion to hold Federal habeas in abeyance, ECF No. 7, is **DENIED**.

It is further **ORDERED** that Petitioner's pending motions for discovery, ECF Nos. 2, 3, are **DENIED without prejudice.**

                                                    s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

Dated: December 11, 2015

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 11, 2015.

        s/Michael A. Sian
        MICHAEL A. SIAN, Case Manager